**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the Greater St. Louis Construction Laborers Welfare Fund; CONSTRUCTION LABORERS PENSION TRUST OF GREATER ST. LOUIS, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers Pension Trust of Greater St. Louis; ST. LOUIS VACATION FUND, an employee benefit plan, and the BOARD OF TRUSTEES of the St. Louis Vacation Fund; CONSTRUCTION LABORERS & CONTRACTORS TRAINING FUND OF EASTERN MISSOURI, an employee benefit plan, and the BOARD OF TRUSTEES of the Construction Laborers & Contractors Training Fund of Eastern Missouri; and LOCAL UNION NOS. 42-110, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, labor organizations, <br><br> Plaintiffs, <br><br> v. <br><br> NJW CONSTRUCTION III CORP., <br><br> Defendant. | Case No. |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1. Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Board of Trustees of the Welfare Fund is the Plan Sponsor of the Welfare Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502

of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.  Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Pension Fund is the Plan Sponsor of the Pension Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3.  Plaintiff, St. Louis Vacation Fund, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Vacation Fund is the Plan Sponsor of the Vacation Fund and is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4.  Plaintiff, Construction Laborers & Contractors Training Fund of Eastern Missouri, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiff Board of Trustees of the Training Fund is the Plan Sponsor of the Training Fund is a fiduciary within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant NJW Construction III Corp., hereinafter referred to as "Defendant," is a Missouri corporation in good standing, with its office and its principal place of business located within this judicial district, and is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12), and 1145, and Sections 2(2), (6), and (7) of the LMRA, as amended, 29 U.S.C. §§152(2), (6), and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3), (a)(3)(ii), and 515 of ERISA, as amended, §§1132(a)(3), (a)(3)(ii), and 1145, and Section 301(a) of the LMRA, as amended, 29 U.S.C. §185(a).

8. On June 23, 2022, defendant became signatory on a one-job basis to a collective bargaining agreement ("CBA") between the Union and the Site Improvement Association of St. Louis that requires monthly payments to the Welfare, Pension, Vacation, and Training Funds and other non-ERISA funds in specified amounts and the submission of monthly report forms. The signature page signed by defendant is attached as Exhibit 1 to this Complaint.

9. The CBA and the plans adopted by the Trustees of the Welfare, Pension, Vacation, and Training Funds also provide that the Trustees shall be permitted to perform a financial examination of Defendant's books and records, periodically, to insure that payments have been properly made in accordance with the terms of the CBA.

10. The CBA referenced in paragraph 8 requires Defendant to pay liquidated damages of twenty percent (20%) on delinquent contributions.

11. Defendant has failed to file its reports and pay its required fringe benefit contributions for any period since it became signatory to the CBA for work performed on the job covered by the CBA.

12. It is impossible to know the full amount owed to the plaintiffs without a financial examination of the defendant's books and records, to which plaintiffs are contractually entitled.

13. Plaintiffs are entitled to recover interest, liquidated damages, costs, and reasonable attorneys' and accounting fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and the plans' trust agreements.

WHEREFORE, plaintiffs pray the Court as follows:

1. For an interlocutory Order of Accounting requiring defendants to submit their books and records to an accountant selected by plaintiffs to determine the amounts owed to plaintiffs for the duration of the one job covered by the CBA;

2. For a judgment against defendant based upon amounts found owing by the Accounting, including, but not necessarily limited to, contributions, liquidated damages, and interest;

3. For an Order requiring defendant to submit its monthly reports and any owed contributions, along with liquidated damages and interest on amounts owed, for work performed on the job covered by the CBA; and

4. For an Order requiring defendant to pay plaintiffs' reasonable attorneys' fees, accounting fees, and costs pursuant to 29 U.S.C. §1132(g);

5.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Rd., Suite 210
St. Louis, Missouri  63131
Phone: (314) 727-1015
Fax:     (314) 727-6804

/s/ Janine M. Martin _____
JANINE M. MARTIN, #46465

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2022, the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

/s/ Janine M. Martin